IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL W. BINGHAM,

                      Plaintiff,

     v.                                 CASE NO. 07-3112-SAC

KANSAS DEPARTMENT OF CORRECTIONS, et al.,

                      Defendants.

**O R D E R**

This matter is before the court on a civil complaint filed under 42 U.S.C. § 1983 by a prisoner confined in a Colorado state facility. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Plaintiff states he escaped from a Kansas correctional facility in 2001 while serving a sentence imposed for his conviction on a 1999 charge of making a false writing. He was then arrested and convicted in Colorado on state criminal charges. He filed the instant action to seek the removal of a detainer lodged against him by the State of Kansas regarding plaintiff's service of the remainder of his Kansas sentence.[1]

Because plaintiff is challenging the execution of his Kansas

---

[1] Kansas filed a criminal charge of escape against plaintiff, which plaintiff documents as being dismissed without prejudice. To the extent plaintiff contends the State of Kansas also filed a detainer regarding that criminal charge, he implies the escape charge is still pending or was refiled. If a detainer in fact exists regarding that untried criminal charge, there is nothing in the record to indicate plaintiff ever exercised his rights under the Interstate Agreement on Detainers Act to seek resolution of that pending criminal charge.

sentence, the court liberally construes this action as seeking a writ of habeas relief under 28 U.S.C. § 2241 and as naming a proper respondent. *See* Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004)(where habeas petitioner challenges "a form of 'custody' other than present physical confinement ... [the proper] respondent [is] the entity or person who exercises legal control with respect to the challenged 'custody'").  The parties henceforth will be referred to as "petitioner" and "respondents" rather than "plaintiff" and "defendants," and the court grants petitioner leave to proceed in forma pauperis in this habeas action.

It is well recognized that habeas claims must be exhausted before a federal court will hear them.  *See* Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").  Absent a demonstration that state court remedies are unavailable or inadequate so as to be futile, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available remedies.  Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(*citing* Gamble v. Calbone, 375 F.3d 1021, 1026 (10th Cir. 2004)).

Here, petitioner neither identifies any exhaustion of remedies in the Kansas courts, nor demonstrates that resort to such remedies would be futile.  Accordingly, the court directs petitioner to show cause why this application for habeas relief should not be dismissed without prejudice.  The failure to file a timely response may result in the application being dismissed without prejudice and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that this action is construed by the

court as seeking a writ of habeas corpus under 28 U.S.C. § 2241, and that the caption is modified to reflect the parties as petitioner and respondents.

IT IS FURTHER ORDERED that petitioner is granted leave to proceed in forma pauperis in this habeas action.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why this habeas application should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 7th day of May 2007 at Topeka, Kansas.

 s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge