IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL W. BINGHAM,

                        Petitioner,

        v.                                CASE NO. 07-3112-SAC

KANSAS DEPARTMENT OF CORRECTIONS, et al.,

                        Respondents.

MICHAEL W. BINGHAM,

                        Petitioner,

        v.                                CASE NO. 07-3144-SAC

KANSAS DEPARTMENT OF CORRECTIONS, et al.,

                        Respondents.



**O R D E R**

        Petitioner, a prisoner currently confined in a Colorado state facility, proceeds pro se on a form complaint submitted for filing under 42 U.S.C. § 1983.  By an order dated May 7, 2007, the court liberally construed the pro se pleading as seeking a writ of habeas corpus under 28 U.S.C. § 2241, and granted petitioner leave to proceed in forma pauperis in this habeas action.  The court also directed petitioner to show cause why the habeas application should not be dismissed without prejudice.

        Having reviewed petitioner's response,[1] the court finds the

_____

        [1]It appears petitioner filed his response on another form pleading which the clerk's office opened as a new action, Case No. 07-3144-SAC.  Accordingly, the court consolidates the two actions on its own motion.

petition should be dismissed.

Petitioner is currently serving Colorado sentences imposed for offenses he committed in that state after escaping from a Kansas correctional facility.  Petitioner filed the current action to seek the removal of a detainer lodged against him by the State of Kansas, presumably for petitioner's service of the remainder of his Kansas sentence.[2]  Noting petitioner's failure to identify his exhaustion of any remedies in the Kansas courts, or to show that pursuit of such remedies would be futile, the court found the petition was subject to being summarily dismissed without prejudice.  *See* <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

In response, petitioner reiterates that his Colorado life sentence with a parole eligibility date in 2053 essentially precludes his return to Kansas, and documents that Oklahoma dismissed and withdrew its outstanding charge(s), detainer(s), and warrant(s) against petitioner for essentially that reason. Petitioner further contends he has been unable to get any Kansas court to address his demand for the Kansas detainer to be withdrawn.

Nonetheless, the court finds the petition should be dismissed because petitioner presents no basis for federal habeas corpus relief.  *See e.g.,* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."); 28 U.S.C. § 2254(b)(2)(habeas application may be

---

[2]Kansas also charged petitioner with escape, but petitioner states that outstanding charge was later dismissed without prejudice.

denied on the merits notwithstanding the applicant's failure to exhaust available state court remedies).

Clearly, petitioner has no rights under the Interstate Agreement on Detainers Act (IADA) regarding the detainer filed to secure his return for service of his unexpired Kansas sentence because that detainer is not based on any untried criminal charge pending against petitioner. *See* McDonald v. New Mexico Parole Board, 955 F.2d 631 (10th Cir. 1991)(IADA applies only to detainers lodged on untried criminal charges).

Nor has petitioner demonstrated any factual or legal basis for a claim of constitutional significance that might warrant habeas corpus relief. *See* 28 U.S.C. § 2241(c)(3)(a United States district court is authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States"). Although petitioner states the Kansas detainer adversely impacts the conditions of his current confinement within the Colorado Department of Corrections, no violation of petitioner's constitutional rights results from this valid detainer remaining in place.

The court thus concludes this consolidated action should be summarily dismissed.

IT IS THEREFORE ORDERED that petitioner's motion for an extension of time (Doc. 4) to file a response to the order dated May 7, 2007, is granted, and that the instant case is consolidated on the court's motion with Bingham v. Kansas Department of Corrections, et al., Case No. 07-3144-SAC.

IT IS FURTHER ORDERED that this consolidated action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:   This 14th day of June 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge